**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CURTIS HENRY,

          Plaintiff,

    and

LELA HENRY, as Co-Executor of
the Estate of Curtis Henry, Jr.,
deceased,

          Plaintiff-Appellant,

v.

BOARD OF COUNTY
COMMISSIONERS,
LEAVENWORTH COUNTY,
KANSAS, a county and/or municipal
corporation; THE CITY OF
LEAVENWORTH, KANSAS; CITY
OF LANSING, KANSAS; NFN
WEEKS, individually and as Mayor
of Lansing, Kansas; KENNETH
BARNARD, individually and as
Mayor of Lansing, Kansas; NFN
DAVINSKY, individually and as
Chairman of Leavenworth County
Commissioners; HERBERT F. NYE,
individually and in his official
capacity as Sheriff, Leavenworth
County, Kansas; CHARLIE YATES,
Sgt.; EDWARD CUMMINGS;
MICHAEL WEHMEYER;
WILLIAM K. EUSTICE; JOHN A.
DUNCANSON, Lt., individually and
in their official capacity as Deputy

No. 99-3309
(D.C. No. 98-CV-2476-KHV)
(D. Kan.)

Sheriff, Leavenworth County,
Kansas; ALFRED F. GRENIER; LEE
DOEHRING, individually and in his
official capacity as Chief of Police,
City of Leavenworth, Kansas;
MICHAEL SMITH, individually and
in his official capacity as Chief of
Police, City of Lansing, Kansas;
S. HOBBS, #1506, individually and
in his official capacity as member of
the City of Lansing, Kansas Police
Department; S. WAYMAN;
R. LIVENGOOD, individually and in
their official capacity as members of
the City of Lansing, Kansas Police
Department; LEAVENWORTH
COUNTY EMERGENCY MEDICAL
SERVICES,

      Defendants-Appellees.

---

**ORDER AND JUDGMENT** [*]

---

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Curtis and Lela Henry filed suit after their son, Curtis Henry, Jr., was shot and killed during a lengthy confrontation with police following an attempted kidnapping and robbery at a Western Sizzlin' restaurant on October 19, 1996. They asserted claims under 42 U.S.C. §§ 1983, 1985, 1986, and state law. In decisions filed on August 4 and 13, 1999, the district court granted summary judgment in favor of defendants on plaintiffs' federal claims and dismissed plaintiffs' state law claims. Lela Henry, appearing pro se, appeals. [1] Curtis Henry does not appeal. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

"We review a grant of summary judgment de novo, applying the same legal standard as the district court." Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

---

[1] Plaintiffs sued many defendants, including the police officers involved in the standoff and various municipal entities and officials. Appellant has moved to dismiss defendants Board of Leavenworth County Commissioners, Donald Navinski, chairman; Kenneth Bernard, Mayor of the City of Lansing, Kansas; H.B. Weeks, Mayor of the City of Leavenworth, Kansas; and Chief Lee Doehring Chief of Police for the City of Leavenworth, Kansas. The motion is granted.

judgment as a matter of law." Fed. R. Civ. P. 56(c). Appellant argues on appeal, first, that there are disputed issues of material fact to be tried as to (a) whether defendant Officer Wehmeyer was shot in the wrist by the deceased or by cross-fire from other officers, (b) whether the deceased attempted to kidnap Shammara Stuteville or whether she willingly accompanied him through the parking lot at the Western Sizzlin', and (c) whether Shammara Stuteville's sister made a false statement to the police that the deceased pointed a gun at Shammara's head. Appellant also asserts that the district court improperly failed to consider the absence of five shell casings to support defendants' testimony that the deceased fired five shots. Appellant maintains that these errors are relevant to the district court's determination that defendants' use of deadly force was reasonable as a matter of law. In addition, appellant argues that the district court erred in not compelling Officer Bledsoe to answer a question asked during a deposition touching on what happened during a debriefing session with his superior.

The district court thoroughly examined each of plaintiffs' claims, finding them to be without merit in light of the uncontroverted evidence. It noted that plaintiffs' arguments related to the evidence were speculative and not based on evidence. It held that plaintiffs' motion to compel was not timely.

We have carefully reviewed appellant's brief, the district court's orders, and the record on appeal.  We find no error, and affirm for substantially the same reasons as those set forth in the district court's August 4 and 13, 1999 orders.

Appellant's motion to dismiss as to the specified parties is granted.  The judgment of the United States District Court for the District of Kansas is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge